UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MICHAEL J. THOMPSON

VERSUS

CHRISTOPHER A. MASON, ET AL.

CIVIL ACTION

NO. 24-260-JWD-EWD

**RULING AND ORDER**

Before the Court is the "Petition for Damages,"[1] filed by Michael J. Thompson ("Plaintiff"), who is representing himself. Because the Court does not have subject matter jurisdiction, this case will be dismissed, without prejudice, on the Court's own motion. The three pending Motions to Dismiss, filed by Defendants Scott N. Hensgens and Melissa M. Shirley, Christopher A. Mason, and Jarrett P. Ambeau, which also seek dismissal for lack of subject matter jurisdiction, shall be terminated as moot.[2]

**I.    BACKGROUND**

Plaintiff filed this suit on April 2, 2024,[3] naming the following defendants: Christopher A. Mason, Scott N. Hensgens, and Melissa M. Shirley, attorneys at Breazeale, Sachse, & Wilson, LLP ("BSW"), as well as Jarret P. Ambeau, Mason's criminal defense attorney.[4] Despite granting Plaintiff an extension of time to serve BSW, BSW has not appeared.[5]

---

[1] R. Doc. 1. As Plaintiff is representing himself, the Petition for Damages will be considered a federal Complaint. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) ("A document filed *pro se* is "to be liberally construed," *Estelle,* 429 U.S., at 106, 97 S.Ct. 285, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid.* (internal quotation marks omitted). Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").").
[2] R. Docs. 20-22.
[3] R. Doc. 1.
[4] R. Doc. 1, p. 2. The substance of the Complaint indicates that Plaintiff named Hensgens and Shirley as BSW officers and partners, not the entire firm of BSW or unnamed officers and partners, as suggested by the Complaint's caption. *See* the case caption at R. Doc. 1, p. 1 and *compare* with the introductory paragraph at *id.* and the allegations at p. 38. *See also* R. Docs. 20-22.
[5] Plaintiff did not initially request a summons for BSW, and he was ordered to show cause for his failure to serve BSW. R. Doc. 18. In response to the show cause Order, Plaintiff requested additional time to serve BSW, which was

Certified mail # 9589 0710 5270 1607 9438 03

Plaintiff's primary claims are against Mason, his former brother-in-law.[6]  Throughout his forty-one page Complaint, Plaintiff alleges Mason committed "Perjury, Defamation Per Se, and Malicious Prosecution" with the intent to cause harm and damages to Plaintiff all arising out of a protective order proceeding that occurred Louisiana state court on April 3, 2023.[7]  During the state court proceeding, Plaintiff alleges that Mason falsely accused Plaintiff of "Stalking, Pedophilia, Sexual Assault, and Sexual Grooming of Minors" in order to obtain a protective order against Plaintiff.[8]  Plaintiff alleges that the protective order proceeding was precipitated by an incident that occurred on December 4, 2022 between Plaintiff and Mason when Plaintiff was attacked by Mason in the presence of Mason's three minor children.[9]  Following the altercation, Mason was arrested for assault and battery against Plaintiff.  Plaintiff alleges the protective order was sought by Mason in retaliation.[10]

The Complaint sets out several alleged examples of "Perjurious Statements" that Mason allegedly made during the state court proceedings, which, for example, falsely portrayed Plaintiff's relationship with Mason and Mason's children. Plaintiff contends the perjurious statements demonstrate Mason's "malicious prosecution" of Plaintiff to obtain a protective order.[11]  The Complaint sets out several "Slanderous Statements" that Mason allegedly made in the state court proceeding against Plaintiff, including claims that Plaintiff engaged in a number of crimes such as pedophilia and sexual grooming of a minor, which are false and have injured Plaintiff's reputation

---

granted. R. Docs. 23, 25.  However, despite the extension, Plaintiff has not filed service information, or a waiver of service, for BSW into the record and BSW has not appeared.
[6] Mason is alleged to have been married to Plaintiff's sister, Melanie Thompson Mason.  Plaintiff contends that his relationship with Mason and Mason's children was formerly friendly, but the relationship became contentious when Mason's marriage to Melanie ended in divorce. R. Doc. 1, pp. 4, 7-8, 10.
[7] R. Doc. 1, p. 1.
[8] R. Doc. 1, pp. 2, 6-7.
[9] R. Doc. 1, pp. 3-5.
[10] R. Doc. 1, p. 3, ¶ 8, and pp. 5-6.
[11] R. Doc. 1, pp. 7-26.  Plaintiff relies on several reproduced text messages between he and Mason in support of his claims.

and caused him emotional injury.[12] The Complaint also sets out alleged "Evidence of Premeditated Malicious Prosecution," which Plaintiff contends shows that Mason premeditated the protective order proceedings against Plaintiff; allegations of "escalation," *i.e.*, events or substances that allegedly escalated Mason's actions; and "Evidence of Subversion of Justice in Order to Maliciously Prosecute," which Plaintiff contends shows that Mason and/or his attorney, Ambeau, mislead a representative of the state court which resulted in dismissal of the criminal case against Mason for battery.[13]

Against the remaining Defendants, Plaintiff only generally alleges that Ambeau engaged in wrongful conduct that resulted in Mason's battery charges being dropped and assisted in the malicious prosecution of Plaintiff, and that Ambeau shares vicarious liability with Mason for Plaintiff's damages.[14] Similarly, Plaintiff only generally alleges that Hensgens and Shirley are vicariously liable for the damages caused by Mason because "they provided Mr. Mason with the employ, facilities, resources, communications, and means Mr. Mason used to maliciously prosecute Mr. Thompson."[15] Plaintiff alleges he suffered a number of harms, including reputational harm and impacts to his life and his family relationships, and that he has incurred medical expenses and loss of enjoyment of life, for which he seeks damages of at least $2,411,872, as well as an order vacating all judgments Mason obtained against Plaintiff in the state court proceeding.[16]

---

[12] R.. Doc. 1, pp. 26-30, 35.
[13] R. Doc. 1, pp. 30-35.
[14] R. Doc. 1, pp. 2, 35, 38.
[15] R. Doc. 1, pp. 2, 37-38.
[16] R. Doc. 1, pp. 38-40.

3

## II.    LAW AND ANALYSIS

### A.  Plaintiff Had Not Established That This Court Has Subject Matter Jurisdiction

Unlike state district courts, which are courts of general jurisdiction and may therefore hear all types of claims, federal courts may only entertain those cases over which there is federal subject matter jurisdiction. There are two primary ways to establish federal subject matter jurisdiction. First, this Court has subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treatises of the United States."[17]  Additionally, this Court has subject matter jurisdiction over civil actions where the amount in controversy exceeds $75,000.00 exclusive of interest and costs and the parties are completely diverse (*i.e.*, all plaintiffs are citizens of a different state than all defendants).[18]  The burden of establishing federal subject matter jurisdiction is on the party asserting it (here, Plaintiff).[19]  A court may raise on its own at any time the issue of whether subject matter jurisdiction exists.[20]

Plaintiff's Complaint does not allege a specific basis for the Court's jurisdiction.[21] Diversity subject matter jurisdiction under 28 U.S.C. § 1332 does not exist because, while the amount in controversy requirement is met based on Plaintiff's allegations of damages exceeding $75,000, exclusive of interest and costs, the Complaint alleges that both Plaintiff and Mason are Louisiana citizens.[22] The other defendants are also alleged to be domiciled in Louisiana, albeit at the addresses of their respective law firms.[23]

---

[17] 28 U.S.C. § 1331.
[18] 28 U.S.C. § 1332.
[19] *Willoughby v. United States ex rel. Dept. of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).
[20] *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005).
[21] R. Doc. 1, p. 3, ¶ 6.
[22] R. Doc. 1, p. 1, ¶ 1 ("NOW INTO COURT comes, Plaintiff, Michael J. Thompson…domiciled at 8026 Jefferson Hwy, Apt 257, Baton Rouge, La 70809 in East Baton Rouge Parish, Louisiana, who for the purpose of filing of this Petition, respectfully brings this lawsuit against Defendant, Christopher A. Mason …domiciled in Ascension Parish….").
[23] R. Doc. 1, p. 1 ("Defendants, Mr. Scott N. Hensgens and Mrs. Melissa M. Shirley, Officers and Partners of Breazeale, Sachse, and Wilson, LLP., domiciled at One American Plaza, 301 Main St, 23rd Floor, Baton Rouge, Louisiana 70802… Defendant, Jarrett P. Ambeau, Officer of The Ambeau Law Firm, domiciled at 8460 Bluebonnet Blvd, Unit A., Baton Rouge, La 70810….").

Whether federal question jurisdiction exists is determined by reference to the well-pleaded complaint rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[24] Under the well-pleaded complaint rule, the plaintiff is the master of his complaint.[25] A case "arises under" federal law when a "right or immunity created by the Constitution or laws of the United States [is] an element, and an essential one, of plaintiff's cause of action."[26] In this case, the Complaint's numerous allegations of defamation, libel and slander all arise under state law and therefore fail to raise a federal question.[27] The Complaint does not specify if the malicious prosecution claim (or the due process and right to privacy claims) is raised under state law or federal law, but if it is raised under state law, then it clearly does not assert a federal question.[28]

Liberally construing Plaintiff's Complaint, it potentially asserts four federal constitutional claims, *i.e.*, malicious prosecution, and infringement of Plaintiff's rights to due process and a fair trial; rights to privacy, including "against unlawful interference with one's family;" and (explicitly-referenced) Second Amendment right to bear arms.[29] The only vehicle by which Plaintiff could

---

[24] *Matthews v. Stewart,* 207 F. Supp. 2d 496, 497 (M.D. La. 2001), citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).
[25] *Matthews,* 207 F. Supp. 2d at 497, citing *id.*
[26] *Matthews,* 207 F. Supp. 2d at 497–98 (M.D. La. 2001), citing *Franchise Tax Bd. Of State of Cal. v. Const. Laborers Vacation Trust for Southern California*, 463 U.S. 1 (1983).
[27] *See, e.g., Mills v. Dollar Gen. Corp. Off.,* No. 21-368, 2021 WL 4851065, at *3 (M.D. La. Oct. 18, 2021) ("…defamation, [] arises under Louisiana tort law, not federal law, and Plaintiff fails to point to any particularized federal law that supports jurisdiction in this case.") (citation omitted).
[28] *See, e.g.*, *Lemoine v. Wolfe,* 2014-1546 (La. 3/17/15), 168 So. 3d 362, 367 (defining the elements of a malicious prosecution claim under Louisiana law as a showing of six elements, *to-wit*: (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff.). Even if the Court could consider this claim, Plaintiff's Complaint indicates that element 3 is not currently met, although is it unclear if the state court proceedings are completed.
[29] R. Doc. 1, pp. 2, 37, 39. It is unclear if Plaintiff is challenging the validity of the state court judgment (if one has been entered). *See* the Complaint at p. 2, referencing the state court "wrongly adjudicating Mr. Mason's criminal assault and battery charges…" and at p. 40, where Plaintiff seeks "judgment against Mr. Mason ruling him to vacate any and all judgements he has heretofore obtained against Mr. Thompson…."). However, jurisdiction does not extend to collateral review of a state court judgment under the *Rooker-Feldman* doctrine. *See Owens v. Rec. Custodian, Dist. Attorney's Off.,* No. 12-0698, 2012 WL 3597083, at *2 (E.D. La. Aug. 20, 2012) ("The *Rooker–Feldman* doctrine

assert these federal constitutional claims is through 42 U.S.C. §1983,[30] which has not been expressly invoked by Plaintiff, but is properly considered in light of Plaintiff's *pro se* status.

Section 1983 provides a remedy against "every person," who under color of state law, deprives another of any rights secured by the constitution and laws of the United States.[31] Section 1983 is not a source of substantive rights but merely provides a method for vindicating federal rights granted elsewhere.[32] A plaintiff asserting a claim under 42 U.S.C. § 1983 must demonstrate that a defendant (1) deprived him of his constitutional rights and (2) acted under color of state law.[33] While private individuals generally are not considered to act under state law, a private individual's action may be deemed to be state action if the defendant's conduct is fairly attributable to the state.[34] Otherwise, when non-state actors are involved, in order to hold them liable on a § 1983 claim, "they must have engaged in a conspiracy with state actors to violate [his] constitutional rights."[35]

---

provides that 'federal district courts lack subject matter jurisdiction to hear collateral attacks on state court judgments.' *Turner v. Chase,* 2008 WL 5046817, at *2 (E.D. La. 2008) (Africk, J.) (citing *United States v. Shepherd,* 23 F.3d 923, 924 (5th Cir. 1994))," and *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005) ("The *Rooker–Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: *cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.*")(emphasis in original). If the state court proceedings have not been reduced to judgment, this Court could decline to exercise whatever jurisdiction it may have over a challenge to the state court proceedings based on the abstention doctrine set out in *Younger v. Harris*, 401 U.S. 37 (1971), which generally permits a federal court to abstain from hearing a case otherwise within its jurisdiction where "there is '(1) an ongoing state judicial proceeding, which (2) implicates important state interests, and (3) …provides an adequate opportunity to raise federal challenges.'"

[30] *The Heidi Grp., Inc. v. Texas Health & Hum. Servs. Comm'n,* No. 22-294, 2023 WL 2717968, at *4 (W.D. Tex. Jan. 31, 2023), report and recommendation adopted sub nom*., Heidi Grp., Inc. v. Texas Health & Hum. Servs. Comm'n,* No. 22-294, 2023 WL 2733402 (W.D. Tex. Mar. 30, 2023) ("Section 1983 is the necessary vehicle through which a plaintiff must assert a federal constitutional claim. *Hearth, Inc. v. Dep't of Pub. Welfare*, 617 F.2d 381, 382–83 (5th Cir. 1980); *Hunt v. Smith*, 67 F. Supp. 2d 675, 681 (E.D. Tex. Oct. 13, 1999); *see Wickerham v. Waterman*, No. 14-766-, 2014 WL 5469816, at *6 (W.D. Tex. Oct. 28, 2014). Accordingly, to the extent Heidi seeks to assert these claims as free standing, non-§1983 claims, they should be dismissed.").

[31] 42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

[32] *Olabisiomotosho v. City of Hous.*, 185 F.3d 521, 525 n. 3 (5th Cir. 1999).

[33] *Williamson as Next Friend of J.S.W. v. Presbyterian Christian School Inc.,* No. 18-15, 2018 WL 10419234, *3 (S.D. Miss. Oct. 2, 2018)*, citing Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017).

[34] *Williamson,* 2018 WL 10419234 at *3*, citing Moody,* 868 F.3d at 352.

[35] *Williamson,* 2018 WL 10419234 at *3, citing *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008).

Setting aside whether Plaintiff has alleged a deprivation of constitutional rights, none of the Defendants are state actors and Plaintiff has not pleaded that they are, nor does Plaintiff attribute Defendants' conduct to any state actor. The only other way that Plaintiff's § 1983 claim could be raised against Defendants is if any of them were alleged to have conspired with a state actor, but Plaintiff has not identified any such state actors in his Complaint, nor has he alleged that there was any conspiracy involving a state actor (or otherwise).

As Plaintiff's Complaint fails to identify any state actors and fails to plead factual allegations from which one could plausibly conclude that the acts of Defendants were fairly attributable to the state or that Defendants conspired with any state actors, Plaintiff's § 1983 claim against Defendants is not arguable or colorable, and so cannot support federal question jurisdiction. In *Williamson as Next Friend of J.S.W*, another federal district court remanded a case removed on the basis of § 1983 for lack of jurisdiction because, while the Plaintiff asserted a violation of due process rights pursuant to the Fourteenth Amendment to the United States Constitution, "neither pleading contains an allegation that [the defendant] is a state actor. Moreover, there are no factual allegations in those pleadings from which one could plausibly conclude that the acts of [the Defendant] were fairly attributable to the state or that [the defendant] conspired with any state actors."[36] As the *Williamson* Court explained:

> Under the well-pleaded complaint rule, a plaintiff's federal question must appear on the face of his well-pleaded complaint. *Quinn v. Guerrero*, 863 F.3d 353, 358–59 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 682 (2018). While a plaintiff need not cite a specific federal provision, such as 42 U.S.C. § 1983, he must allege facts sufficient to establish a colorable issue of federal law. *Id.* The absence of a valid cause of action does not implicate subject-matter jurisdiction, but the absence of an arguable one does. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). A finding of lack of subject-matter jurisdiction due to inadequacy of a federal claim is proper "only when the claim is so insubstantial, implausible, foreclosed by

---

[36] *Williamson,* 2018 WL 10419234 at *3.

7

prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Id.*[37]

Plaintiff's Second Amendment claim fails to assert a federal question for an additional reason, which is that it merely references a federal law that completely lacks any factual details.[38] As this Court has previously held:

> The court cannot assume subject matter jurisdiction over this action merely because plaintiff has casually mentioned two federal laws. Since the petition in this matter raises no issue of federal law, federal question jurisdiction is lacking. In this court of limited jurisdiction, a passing reference to federal laws is insufficient to confer jurisdiction….[39]

As Plaintiff has alleged no factual basis for a Second Amendment claim, it fails to assert a federal question.

### B. Leave To Amend Is Not Warranted Because Further Amendments Would Be Futile, and Plaintiff Has Already Pleaded His Best Case

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."[40] Granting leave to amend, however, is not required if the plaintiff has already pleaded his "best case."[41] Similarly, a district court need not grant a futile motion to amend.[42] "Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted."[43]

As explained above, diversity jurisdiction does not exist, and most of Plaintiff's claims are based on state law. All potential federal constitutional claims are futile because none of the

---

[37] 2018 WL 10419234, at *2.
[38] R. Doc. 1, pp. 2, 37, 39. Amendment II to the U.S. Constitution provides, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."
[39] *Matthews,* 207 F. Supp. 2d at 498–99 (remanding for lack of jurisdiction and holding that the plaintiff's references to "United States Civil Rights Act of 1991" and "Amendment 14 of the United States Constitution" and her specific request for punitive damages failed to raise federal questions because the petition failed to raise any issues of federal law).
[40] *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.,* 710 Fed. Appx. 625, 627 (5th Cir. 2017), citing *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009) (citation omitted).
[41] *Wiggins,* 710 Fed. Appx at 627, citing *Brewster,* 587 F.3d at 768 (citation omitted).
[42] *Wiggins,* 710 Fed. Appx at 627, citing *Legate v. Livingston,* 822 F.3d 207, 211 (5th Cir. 2016) (citation omitted).
[43] *Wiggins,* 710 Fed. Appx at 627, citing *Legate,* 822 F.3d at 211.

Defendants are state actors against whom § 1983 claims can be asserted. Furthermore, Plaintiff has pleaded his best case. Plaintiff filed a forty-one page Complaint asserting detailed and myriad facts, accompanied by thirty pages of exhibits.[44] However, even considering his Complaint liberally, Plaintiff has failed to state cognizable constitutional claims because there are no state actor defendants. Additionally, Plaintiff did not respond to any of the Defendants' pending motions to dismiss on the same basis raised in this Order – lack of subject matter jurisdiction. As amendments to the potential federal claims are futile, and Plaintiff has already pleaded his best case, he will not be given further leave to amend.

### III. CONCLUSION

"A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction."[45] "A district court can dismiss an action *sua sponte* for lack of federal subject matter jurisdiction…even where the defendant makes no responsive pleadings and does not move to dismiss for want of subject-matter jurisdiction."[46] Because Plaintiff has not met his burden of establishing that this Court has federal subject matter jurisdiction, this case shall be dismissed without prejudice.[47] The pending Motions to Dismiss, which also seek dismissal for lack of subject matter jurisdiction, shall be terminated as moot.

---

[44] R. Docs. 1-1 through 1-12.
[45] *Edwards v. Jackson Hinds Comprehensive Health Center*, No. 17-972, 2018 WL 3653761 (S.D. Miss. June 11, 2018), at *1, quoting *Nixon v. Goldman Sachs Mortg. Corp.*, No. 16-597, 2016 WL 3763425, at **2–3 (N.D. Tex. July 14, 2016) (citing 28 U.S.C. §§ 1331, 1332); *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). *See also McKendall v. U.S. Army Corps of Engineers*, No. 15-2631, 2016 WL 3218842, at *1 (E.D. La. June 10, 2016) ("The party asserting jurisdiction bears the burden of establishing that the district court possesses subject-matter jurisdiction."), citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[46] *Dickens v. TASB Risk Management*, 17-00216, 2018 WL 6184804, at *1 (W.D. Tex. Nov. 21, 2018). *See also Craig v. Our Lady of the Lake Regional Medical Center*, No. 15-814, 2017 WL 1113326, at *2 (M.D. La. March 23, 2017) ("The Court may dismiss an action *sua sponte* if it 'determines at any time that it lacks subject-matter jurisdiction.'") (citing Fed. R. Civ. P. 12(h)(3)).
[47] Dismissal without prejudice in this Court does not leave Plaintiff entirely without recourse, because, according to Defendants' memoranda in support of their respective Motions to Dismiss, Plaintiff he has filed two state court proceedings involving the same claims and the same Defendants. *See, e.g.,* R. Doc. 20-1, pp. 1-2; R. Doc. 21-1, pp. 1-2; and R. Doc. 22-1, pp. 1-2.

Accordingly,

**IT IS ORDERED** that the Petition for Damages, filed by Plaintiff Michael J. Thompson,[48] and all claims against all Defendants asserted therein, be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Leave to amend is not warranted because Plaintiff has already pleaded his best case and his federal claims are futile.

**IT IS FURTHER ORDERED** that the Rule 12(b)(1) Motion to Dismiss For Lack of Subject Matter Jurisdiction, filed by Defendants Scott N. Hensgens and Melissa M. Shirley;[49] the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(1), filed by Defendant Christopher A. Mason;[50] and the Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed by Defendant Jarrett P. Ambeau[51] are all **TERMINATED AS MOOT.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve this Ruling and Order on Plaintiff Michael J. Thompson by regular mail, and by certified mail, return receipt requested, at his most recent address listed on PACER.

Signed in Baton Rouge, Louisiana on October 30, 2024.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIAN**

---

[48] R. Doc. 1.
[49] R. Doc. 20.
[50] R. Doc. 21.
[51] R. Doc. 22.